Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 1288 | **DATE** | 4/1/11 |
| **CASE TITLE** | Dion Thompson (#M-18222) v. Cook County Sheriff, Tom Dart, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to file *in forma pauperis* [#4] is granted. The Court orders the trust fund officer at Plaintiff's current place of incarceration to deduct $10.07 from Plaintiff's account for payment to the Clerk of Court as an initial partial filing fee. The Clerk shall send a copy of this order to the trust fund officer at Pinckneyville Correctional Center to facilitate compliance. Tom Dart, Superintendent Moreci, and Dr. Jay Swanson are dismissed as Defendants. The Clerk is directed to issue summons for service on Defendant Correctional Officer Jones, and the U.S. Marshals Service is ordered to serve him. The Clerk shall send Plaintiff a magistrate judge consent form and filing instructions along with a copy of this order.

■ **[For further details see text below.]**     **Docketing to mail notices.**

## STATEMENT

    Plaintiff, Dion Thompson, an inmate in state custody at Pinckneyville Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Tom Dart, Superintendent Moreci, Correctional Officer Jones, and Dr. Jay Swanson. Plaintiff alleges that Correctional Officer Jones used excessive force when he punched him in the jaw while Plaintiff was handcuffed in December of 2010. Plaintiff alleges that because of the punch to his jaw, he suffered a fractured jaw and that when he was transferred to Pinckneyville Correctional Center, Dr. Swanson (a dentist) wired his jaw shut. He alleges that on January 27, 2011 he felt a sharp point in his mouth and determined that the wires were loose. Plaintiff's remaining claims are seemingly against Defendants Dart and Moreci in their supervisory capacities.

    Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $7.86. The trust fund officer at Plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, Plaintiff's trust fund officer is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and this case number. This payment obligation will follow Plaintiff wherever he may be transferred.

    Under 28 U.S.C. § 1915A, the court is required to conduct a preliminary review of an inmate's complaint. Accepting the allegations in Plaintiff's complaint as true, the court finds that the complaint states a colorable cause of action pursuant to 42 U.S.C. § 1983, against Correctional Officer Jones for excessive use of force. *Acevedo v. Canterbury*, 457 F.3d 721, 724 (7th Cir. 2006) Although a more developed record may show that Plaintiff's claims are without merit, Defendant Jones must respond to the allegations in the complaint.
**(CONTINUED)**

    AWL

| STATEMENT |
|---|

However, the complaint's allegations seeking to hold Tom Dart and Superintendent Moreci liable for their supervisory roles in the running of Cook County Jail fail to state a claim. *See Perkins v. Lawson*, 312 F.3d 872, 875 (7th Cir. 2002). Plaintiff has alleged no facts suggesting their direct, personal involvement, as required by *J.H. ex rel. Higgin v. Johnson*, 346 F.3d 788, 793 (7th Cir. 2003), *inter alia*. Nor has Plaintiff indicated that the alleged violation of his constitutional rights occurred at their direction or with their knowledge and consent. *Id.* Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted).

The mere fact that Defendants Dart and Moreci hold supervisory positions is insufficient to establish liability, as the doctrine of *respondeat superior* (blanket supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. *See Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001). Section 1983 does not create collective or vicarious responsibility. *Id.* Supervisors cannot be held liable for the errors of their subordinates. *Birch v. Jones*, No. 02 C 2094, 2004 WL 2125416, at *6 (N.D. Ill. Sep. 22, 2004) (Manning, J.), *citing Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992). "Supervisors who are merely negligent in failing to detect and prevent subordinates' misconduct are not liable." *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001) (citations omitted). To be held liable under 42 U.S.C. § 1983, supervisors "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see. They must in other words act either knowingly or with deliberate, reckless indifference." *Id.* In short, some causal connection or affirmative link between the action complained about and the official sued is necessary for § 1983 recovery. *Hildebrandt v. Illinois Dept. of Natural Resources*, 347 F.3d 1014, 1039 (7th Cir. 2003). Because Plaintiff has failed to state any facts suggesting that Dart and Moreci were personally involved in–or even aware of–the alleged circumstances giving rise to the complaint, they are dismissed as Defendants in this matter.

Also, Plaintiff's claim for deliberate indifference to a serious medical need regarding the dental care provided to him by Dr. Swanson at Pinckneyville Correctional Center is unrelated to the claim for excessive force. Unrelated claims are to be brought in separate law suits. *See George v. Smith*, 507 F.3d 605, 607-08 (7th Cir. 2007) Because Plaintiff's allegations regarding inadequate health care are unrelated to his claim regarding excessive force, his claim regarding inadequate medical care is dismissed pursuant to FED. R. CIV. P. 20 as improperly joined.

The Clerk shall issue summons for service of the complaint on Defendant Jones (hereinafter, "Defendant"). The Clerk shall also send to Plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

The United States Marshals Service is appointed to serve Defendant. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendant with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendant. If Defendant can no longer be found at the work address provided by Plaintiff, Cook County Jail officials shall furnish the Marshal with Defendant's last known address. The information shall be used only for purposes of effectuating service, or to show proof of service should a dispute arise. Documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the Court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for
**(CONTINUED)**

| STATEMENT |
|---|

waiver of service to Defendant in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must provide the court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, Plaintiff must send an exact copy of any Court filing to Defendant, or to Defendant's counsel if an attorney enters an appearance on behalf of Defendant. Every document filed with the Court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.